U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ-SORIANO,<br>A28 528 205 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: AUGUST 26, 2008 |
| v. | ) | NO.  08CV4878 |
| | ) | JUDGE LEINENWEBER |
| UNITED STATES OF AMERICA; MICHAEL | ) | MAGISTRATE JUDGE MASON |
| MUKASEY, U.S. Attorney General; MICHAEL | ) | |
| CHERTOFF, Secretary, U.S. Department of | ) | |
| Homeland Security; RANDY KERN, Warden, | ) | AO |
| Tri-County Justice and Detention Center; | ) | |
| CAPTAIN CLIFF CAVINS, Chief of Security, | ) | |
| Tri-County Justice and Detention Center; RUTH | ) | |
| DOROCHOFF, District Director, U.S. Citizenship | ) | JURY DEMAND |
| and Immigration Services, Chicago Field Office; | ) | |
| GLENN TRIVELINE, Acting Field Office | ) | |
| Director, U.S. Immigration and Customs | ) | |
| Enforcement, Chicago Field Office; U.S. | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT; PULASKI COUNTY, | ) | |
| ILLINOIS; THE GEO GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, Jose Sanchez-Soriano (hereinafter referred to as "Sanchez")

by and through his attorney, Stanley J. Horn of Horn, Khalaf, Abuzir, Mitchell and Schmidt, and

complaining of the Defendants:

1.  United States of America;

2.  Michael Mukasey, U.S. Attorney General, in his official capacity;

3.  Michael Chertoff, Secretary, U.S. Department of Homeland Security, in his official

    capacity;

4. Randy Kern, Warden, Tri-County Justice and Detention Center, in his official
   capacity;

5. Captain Cliff Cavins, Chief of Security, Tri-County Justice and Detention Center, in
   his official capacity;

6. Ruth Dorochoff, District Director, U.S. Citizenship and Immigration Services,
   Chicago Field Office, in her official capacity;

7. Glenn Triveline, Acting Field Office Director, U.S. Immigration and Customs
   Enforcement, Chicago Field Office, in his official capacity;

8. Pulaski County, Illinois, as the official owner and operator of the Tri-County
   Detention Center;

9. The Geo Group, Inc., a business headquartered in Florida, operating in the state of
   Illinois, as the management provider of the Tri-County Detention Center;

and states as follows:

## COUNT I

10. This is an action arising under the Federal Torts Claim Act, 28 U.S.C. 2671 et seq.
This Court is vested with jurisdiction pursuant to 28 U.S.C. Section 1346(G).

11. On the 12th day of February, 2008, the Plaintiff, who presently resides in Chicago,
Illinois, Cook County, submitted a claim based upon the allegations in this Complaint in the
amount of $5,000,000.00 to the U.S. Department of Homeland Security, U.S. Immigration &
Customs Enforcement (ICE), and the Attorney General. By August 5, 2008, the Agency had
rejected such claim and pursuant to 28 U.S.C. Section 2675(a) the Plaintiff elects to consider
such failure to act as a final denial of the claim (copy of the claim is attached hereto and marked
as Exhibit 1 and a copy of the denial is attached hereto and marked as Exhibit 2).

12.  On or about the 18th day of August 2007, the Plaintiff Sanchez was taken into custody by the Defendant ICE and subsequently at the direction of the Defendant ICE, at and under their supervision and control, the Plaintiff was transferred to the Tri-County Justice and Detention Center, which is owned and operated by the Defendant Pulaski County, Illinois, and managed by the Defendant, The Geo Group, Inc.

13.  At the time the Defendants assumed supervision and control of the Plaintiff, the Plaintiff was a quadriplegic, unable to work, experienced difficulty in moving his back, neck and hand, and was not able to control his bodily functions without assistance.

14.  Plaintiff's physical condition was known or should have been known to ICE, Glenn Triveline and Randy Kern, as well as to all other Defendants who exercised custody over and were responsible for the physical care and well-being of the Plaintiff.

15.  At all times relevant hereto, Glenn Triveline was the supervising authority of ICE in the Chicago Field Office and was acting within the scope of his employment at ICE.  Randy Kerr was the Warden of the Tri-County Justice and Detention Center and operated at the direction and control of ICE and Glenn Triveline.  Captain Cliff Cavins was Chief of Security of the Tri-County Justice and Detention Center and was operating within the capacity of his position.

16.  At all times relevant hereto, Pulaski County, Illinois, was the owner and operator of the Tri-County Justice and Detention Center.

17.  At all times relevant hereto, The Geo Group, Inc. was the management provider of the of the Tri-County Justice and Detention Center.

18. At all times pertinent hereto and in the performance of all acts relevant hereto Plaintiff was in the exercise of ordinary care for his own safety and in no way contributed to his own injuries.

19. Based upon the physical limitations of the Plaintiff to provide for his own physical care, Defendants owed plaintiff a duty to exercise reasonable care to eliminate dangers and risks of injury to the Plaintiff and to provide a reasonable degree of physical and medical care so as to avoid injury to, and to maintain the general well-being of, the Plaintiff.

20. Plaintiff made his physical conditions known to Glenn Triveline and ICE, who placed the Plaintiff in the Tri-County Detention Center without regard to the Plaintiff's physical condition, and who ignored the Plaintiff's request for medical and other assistance.

21. Plaintiff made his physical conditions known to individuals who operated the Tri-County Justice and Detention Center under the direction and control of Randy Kern, and/or Pulaski County, Illinois, Captain Cliff Cavins, and The Geo Group, Inc., and who ignored the Plaintiff's request for medical and other assistance.

22. Despite their aforementioned duties and notice, Defendants were guilty of one or more of the following acts or omissions:

   A. Failed to provide physical care and assistance to the Plaintiff at those times that he sought to perform the bodily functions of urination and excretions;
   B. Failed to provide physical care and medical assistance to the Plaintiff during those times Plaintiff was soiled, dirty or otherwise in need of being physically cleaned and bathed;
   C. Failed to provide physical care and medical assistance to the Plaintiff during those times Plaintiff developed lesions and bed-sore on diverse parts of his body;
   D. Failed to provide a level of physical care and medical assistance to prevent lesions and bed sores to develop on the body of the Plaintiff;

E.  Were otherwise negligent in the level of medical care and personal physical care afforded to the Plaintiff;

F.  Acted willfully and with gross indifference;

23.  As a direct and proximate result of Defendants' aforementioned acts or omissions and wanton disregard, Plaintiff developed bed sores and lesions to diver parts of his body and otherwise suffered severe personal injuries.

24.  Defendants had notice, either actual or constructive, of the aforesaid breaches of the level of physical care and medical assistance afforded to the Plaintiff and of the lesions and developed large and deep bed sores on diverse parts of Plaintiff's body causing great pain, major infections, and extensive hospital stays.

25.  As a direct and proximate result of Defendants' negligence, Plaintiff has been forced to undergo an extensive course of medical treatment, for which he has incurred expenses to treat the aforementioned injuries.

26.  Plaintiff has incurred expenses for medical treatment and will incur additional such expenses in the future, as a direct result of the above described injuries.

WHEREFORE, the Plaintiff Jose Sanchez-Soriano prays for Judgment in the amount to be determined by the Court and for interest and costs.

## COUNT II

27.  The Plaintiff, repeats incorporating herein, paragraphs 1 through 26 of Count I of the Complaint.

28.  This cause of action is based upon the Civil Rights of Institutionalized Persons Act, 42 U.S.C. Section 1197 et seq.

29.  The Defendants and each of them or either of them had an obligation to care for the Plaintiff and to protect the Plaintiff from injuries or physical ailments, and to provide proper physical arrangement for a person in the Plaintiff's physical condition.

30.  The Defendants and each of them or either of them have breached their duty to the Plaintiff as set forth in Count I and incorporated herein causing the Plaintiff severe and personal injuries.

31.  The Plaintiff is entitled to legal fees as provided by the Act.

WHEREFORE, the Plaintiff, Jose Sanchez-Soriano, prays for Judgment in the amount to be determined by the Court plus costs.

Respectfully submitted,
JOSE SANCHEZ-SORIANO


BY: s/Stanley J. Horn
    STANLEY J. HORN
    Attorney for Plaintiff
    Horn, Khalaf, Abuzir, Mitchell & Schmidt
    2 North LaSalle, Suite 630
    Chicago, IL 60602
    Telephone: (312) 281-5444
    Fax: (312) 558-9075
    E-mail: shorn@hkamlaw.com

08CV4878
JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| Department of Homeland Security U.S. Attorney General | Horn,Kalaf,Abuzir,Mitchell & Schmidt 2 North LaSalle Street, Suite 630 Chicago, IL 60602 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 12/08/1958 | married | 09/05/2007 & ongoing neglect | |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Claiment, while in the custody of the Department of Homeland Security was severely neglected by authorities and was not provided proper care and or treatment for his paralysis resulting in extensive skin ulcers and an over-all worsening of his physical condition while in the custody of DHS. The agency failed to provide him with proper equipment necessary for individual with paralysis, did not properly provide claimant with appropriate hygiene, and failed to provide him with appropriate medical treatment in a timely manner. Thereafter the skin ulcers became infected causing staph infections and extreme pain and discomfort to the claimant who has been undergoing treatment for these infections since September of 2007.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*
   NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*
   NA

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant continues to suffer from severe skin ulcers and staph infections resulting from inadequate care and severe neglet while in the care custody of the U.S. Customs and Immigration enforement an agency within the Department of Homeland Security while being held in the Tri-County Jail in Ullin, IL.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| | | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | $5,000,000.00 | | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Jose Oriano Sanchez* | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

**EXHIBIT**
1.

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 *(Rev. 7-85) (EG)* |
|---|---|---|
| Previous editions not usable. Designed using Perform Pro, WHS/DIOR, Jun 98 | | PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)
NA

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK



*...fice of the Principal Legal Advisor*
**...S. Department of Homeland Security**
24000 Avila Road, Rm. 6080
Laguna Niguel, CA 92677
Facsimile: 949-360-3208

**U.S. Immigration
and Customs
Enforcement**

August 5, 2008

Stanley J. Horn
Horn, Khalaf, Abuzir, Mitchell & Schmidt
2 North LaSalle Street, Suite 630
Chicago, IL 60602

**Re:   Administrative Federal Tort Claims Act (FTCA) Claim of Jose Soriano-Sanchez**

Dear Mr. Horn:

Our office is in receipt of the above-referenced claim for damages in the amount of $5,000,000, which was filed on behalf of your client, Jose Soriano-Sanchez.

The Federal Tort Claims Act (28 U.S.C. § 2671 <u>et seq.</u>) grants to each federal agency the authority to consider and settle administratively claims for personal injury or any property damage caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of employment.

We have given full consideration to all the facts and circumstances relating to the claim. Based upon all the evidence before us, it is our determination to deny the claim for damages and personal injuries.

If you wish to file suit against the United States to recover any alleged damages or expenses incurred, pursuant to 28 U.S.C. § 2401(b), you must do so in the appropriate United States District Court no later than six months after the date of mailing of this letter.

Sincerely,

Christopher A. Miller
Associate Legal Advisor

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**EXHIBIT**

2.